THE STATE, HOME BUILDERS REALTY AND MORTGAGE COMPANY, A NEW JERSEY CORPORATION, PROSECUTOR, v. THE STATE BOARD OF TAXES AND ASSESSMENT AND THE BOARD OF ASSESSMENTS AND REVISION OF TAXES OF THE CITY OF ELIZABETH, DEFENDANTS.

Submitted February 1, 1930—Decided July 1, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutor, *William E. Sandmeyer.*

For the defendant Board of Assessment, &c., of Elizabeth, *Edward Nugent.*

PER CURIAM.

This writ of *certiorari,* sued out by the prosecutor, brings up for review two judgments of the state board of taxes and assessment, the state board having on appeal from assessments levied by the board of taxes of the city of Elizabeth, reduced the assessments.

The assessments were levied by the city of Elizabeth on property on Pingry Place and on another property on Salem avenue, in Elizabeth, for the year 1928. They were levied as of October 1st, 1927. The assessment on the Pingry Place property was on a total valuation of $617,500. The assessment on the Salem avenue property at a valuation of $400,000.

Appeals were taken by the owners to the county board, and the appeals were there dismissed; and then appeals were taken to the state board and the state board reduced the assessment on the Pingry Place property $50,000 and reduced the assessment on the Salem avenue property $17,000.

The only question involved before this court relates to the proper valuation of the buildings on each property as of October 1st, 1927, and that in turn largely depends upon testimony as to the state or degree of completion of the properties as of October 1st, 1927. In this way the matter was presented and argued.

The witnesses for the prosecutor testified, in effect, that the Pingry Place building was about seventy-five to eighty per cent. completed and the other property only fifty per cent. completed.

This testimony was met by witnesses testifying on behalf of the city of Elizabeth to the effect that the Pingry Place building was practically one hundred per cent. completed and the Salem avenue eighty per cent. completed.

It is quite apparent that if the testimony on behalf of the city was substantially correct, then the assessment cannot be said to be in excess of true value. We think that the state board was justified in accepting the testimony of the city as to completion, and if that be so, then the judgment of the state board is quite justified. There was much testimony tending to throw light upon the question of the degree of completion on October 1, 1927, some of which supported the contention of the prosecutor and some of which corroborated the contention of the city as outlined by its witnesses. It is idle to discuss the evidence in detail. The impression made upon the mind is that the testimony of the prosecutor does not so preponderate as to overcome the judgment of the state board and the testimony that supports it. Our conclusion upon the whole is that the assessments in question are right and they will be affirmed, with costs.